Liliana Isabel PONCE–
CALIX, Petitioner

v.

Eric H. HOLDER, Jr., U.S. Attorney
General, Respondent.

No. 11–60876
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 25, 2012.

Gino Mario Mesa, Esq., Law Office of
Gino M. Mesa, Houston, TX, for Petition-
er.

Karen Y. Stewart, Tangerlia Cox, U.S.
Department of Justice, Office of Immigra-
tion Litigation, Washington, DC, for Re-
spondent.

Before DAVIS, BARKSDALE, and
ELROD, Circuit Judges.

PER CURIAM: *

Honduras native Liliana Isabel Ponce–
Calix petitions for review of the Board of
Immigration Appeals' (BIA) denial of her
application for asylum, withholding-of-re-
moval, and protection under the Conven-
tion Against Torture. She challenges only
the denial of withholding-of-removal, how-
ever, and therefore waives any challenge
to the denial of other relief. *Soadjede v.
Ashcroft*, 324 F.3d 830, 833 (5th Cir.2003).

Ponce contends her credible testimony
established she suffered past persecution
in Honduras based on her encounters with
a neighbor, Correia, and his family, which
persecution was on account of her mem-
bership in a particular social group: "Hon-
duran women who have been victims of
violence or abuse by Honduran men who
believe women are to live under male dom-
ination". She asserts her testimony shows
her life was threatened first by Correia
and later by his parents, and this was
sufficient to qualify her for withholding-of-
removal.

The BIA's legal conclusions are re-
viewed *de novo;* its findings of fact, under
the substantial evidence test. *Efe v. Ash-
croft*, 293 F.3d 899, 903 (5th Cir.2002).
The BIA's determination that Ponce is not
eligible for withholding-of-removal is a
finding of fact. *Id.* at 906. To prevail, she
must show the evidence compels a con-
trary conclusion such that no reasonable
fact-finder could have reached the BIA's
decision. *Carbajal–Gonzalez v. INS*, 78
F.3d 194, 197 (5th Cir.1996).

The BIA determined Ponce did not es-
tablish a nexus between any persecution in
Honduras and a statutorily protected
ground. 8 U.S.C. § 1101(a)(42) (protect-
ing refugees who suffer persecution in
home countries due to race, religion, na-
tionality, social group, or political opinion).
The record establishes Correia and his
parents acted for purely personal reasons,
not because of Ponce's membership in any
particular social group. This renders her
ineligible for relief. *E.g., Thuri v. Ash-
croft*, 380 F.3d 788, 792–93 (5th Cir.2004).
As the immigration judge found, Ponce's
testimony shows "her entire family", not
just the female members, was subject to
threats from Correia and his parents. The
evidence further establishes that her fami-
ly, including her sister and children, con-
tinue to live in Honduras without incident,
which undercuts her claim of likely future

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

persecution. *E.g., Eduard v. Ashcroft,* 379 F.3d 182, 193 (5th Cir.2004).

DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.